# EUGENE O. HOWARD
*Attorney at Law*
217 N. 10th Street, Suite 200
Saint Louis, Missouri 63101

| | |
|---|---|
| * Licensed in Missouri & Illinois | Telephone: (314) 621-8600 |
| Email: ehowardlaw@earthlink.net | Facsimile: (314) 231-0670 |

October 20, 2021

Meredith L. Reiter
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102

    Re:    United States v. Michael J. McCormac
              Case No. 4:21CR-539 RWS/JMB

Dear Ms. Reiter:

      In accordance with Rules 16 and 12 of the Federal Rules of Criminal Procedure, as well as controlling case law concerning discovery, the Court's local rules, and any Discovery Orders entered or to be entered by the Magistrate Judge, Michael J. McCormac requests Pretrial disclosure of the evidence and information set forth below:

1. Any and all written or recorded statements made by the Defendant;

2. Any and all written or recorded statements made by co-defendants and co-conspirators (named and un-named and whether charged as a co-conspirator or not), including any all Title III and/or other recorded telephone conversations, including jail call made by Defendant, co-defendants and co-conspirators;

3. Any portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent;

4. The substance of any oral statement made by the Defendant before or after his arrest in response to interrogation by a then known-to-be government agent which the

prosecution intends to offer in evidence at trial;

5. Recorded grand jury testimony of any defendant relating to the offenses charged;

6. A written summary of the testimony the government intends to use at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence, including a description of the witnesses' opinions, the basis and reasons therefore, and the witnesses' qualifications;

7. Description of and access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of the Defendant's defense or which the prosecution intends to use as evidence at trial, or were used by, obtained from, or belong to the Defendant;

8. The results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which are material to the Defendant's defense or are intended for use at trial;

9. Disclosure to the Defendant and permission to inspect and copy all information and material known to this prosecutor which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976);

10. Disclosure to the Defendant of the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959);

11. Disclosure to Defendant as to which of his co-defendants has entered into an agreement to plead guilty and who will be a cooperating witness in this case; the agreement that they made with the United States Attorney's Office and the substance of what their testimony will be as it concerns the Defendant;

12. The arrest and prior conviction records of Defendant, and any informant, cooperating individual, or witness who will testify for the Office of the United States

Attorney at trial;

13.   Notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance, including:

> A. The identity and existing statements of any confidential informant who may be called upon to testify in this case;
>
> B. Any and all representations, promises or other consideration offered by the government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state, or local laws;
>
> C. The precise nature of any monetary consideration offered or promised to said informants including, but not limited to, a listing of funds paid to or on behalf of said informants by the government, its agents, or cooperating agencies;
>
> D. Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;
>
> E. Any other promises, inducements or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony; and
>
> F. Any record maintained by the government showing the arrest and conviction record of the confidential informant;

14.   Disclosure as to whether Defendant was identified in any lineup, show-up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom;

15.   To advise the case agents and the law enforcement officers to preserve their rough notes and to indicate to the Defendant the existence of those rough notes;

16.   To advise the Defendant, pursuant to Federal Rule of Evidence 404(b), within ten days, of the prosecutor's intention to introduce such evidence, the basis under which

introducing will be supported, and of the general nature of that evidence;

17. To transcribe the grand jury testimony of all witnesses who will testify for the Office of the United States Attorney at the trial of this cause, preparatory to a timely motion for discovery;

18. The prosecutor shall, if requested, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. §§822 & 823, and 21 C.F.R. §1301.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample;

19. Upon request, the prosecutor shall permit the Defendant, his counsel and any experts selected by the defense to inspect any vehicle, vessel, or aircraft allegedly utilized in the commission of any offenses charged; the prosecutor shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of thing to be inspected that such inspection has been ordered by the Court;

20. The prosecutor shall provide the Defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the prosecutor's expert as those of the Defendant;

21. The prosecutor shall provide the Defendant, for independent expert examination, copies of all handwriting exemplars which have been identified by the prosecutor's expert as those of the Defendant;

22. Disclose to the Defendant, for inspection, any and all things, objects, books, or records that were seized in this case in order for the Defendant to determine whether he has the standing to file a motion to suppress;

23. With regard to any hearsay statement or statement defined in Rule 801(d)(2)(C), (D), or (E), which the government intends to introduce at trial as to the declarant of that statement: all information regarding the declarant's prior convictions and criminal records, any inconsistent statements made by the declarant, any information regarding bias or motive on behalf of the declarant, any information as to the opinion of others with

regard to the declarant and the declarant's reputation.

    I realize this request is extensive, but I am sure that the most significant items will be provided as soon as possible. Hopefully, we can agree on when all of the others should be provided. Pursuant to Fed. R. Crim. P. 26.2(d) I would, however, respectfully request that you produce "Jencks" statements of any and all witnesses you intend to call at the motion hearing in this matter within a reasonable time before the motions hearing in order to avoid any possible recesses and undue delays in that hearing.

    Thank you for your anticipated cooperation.

    Very truly yours,

    /s/ Eugene O. Howard
    EUGENE O. HOWARD

## CERTIFICATE OF SERVICE

Signature of the foregoing document is also certification that a true and correct copy has been filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following on this 20th day of October, 2021 to:

Meredith L. Reiter
Assistant United States Attorney
111 S. 10th Street
St. Louis, Missouri 63102.

    s/ Eugene O. Howard
    EUGENE O. HOWARD, MO 44542
    Attorney for Defendant,
    Michael J. McCormac