UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No.:   4:21-CR-00539-RWS-JMB |
| MICHAEL J. MCCORMAC, | ) ) ) |
| Defendant. | ) |

## MOTION TO SUPPRESS EVIDENCE

COMES NOW Defendant, by and through undersigned counsel, pursuant to the Fourth Amendment of the United States Constitution and Federal Rules of Criminal Procedure 12(b)(3)(C) & 41(h), and moves this Court to enter an Order suppressing evidence at trial, specifically, the evidence seized pursuant to the search warrant authorized on September 23, 2019.  In support, Defendant states as follows:

### STATEMENT OF FACTS

1. GoLiveWell Pharmacy, LLC, (hereinafter referred to as "GoLiveWell") is a Limited Liability Company doing business as a pharmacy, specifically, a mail-order pharmacy, filling prescriptions for federal health insurance beneficiaries throughout the United States.

2. GoLiveWell is located at 13035 Olive Boulevard, Suite 210, Creve Coeur, Missouri 63141.  GoLiveWell started at this location on March 17, 2017.

3. Defendant is the authorized agent of GoLiveWell.

4. FBI Special Agent Badolato began investigating complaints associated with GoLiveWell.

5. Agent Badolato applied for a Search Warrant requesting the seizure of items and documents believed to be present in the premises of GoLiveWell. Specifically, Attachment B of the "Application for a Search Warrant" requested the seizure of the following:

> For the time period for violation occurring during March 17, 2017 through the date of the execution of any warrant, *any and all evidence*, fruits and instrumentalities relating to or involving evidence of violations of 18 U.S.C. §§ 371 (conspiracy); 1341 (mail fraud); 1343 (wire fraud); 1347 (healthcare fraud); 1349 (conspiracy to commit mail fraud, wire fraud, and healthcare fraud); as well as violations of Title 42, United States Code, Section 1320a-7b(b)(2)(A (sic) (the Anti-Kickback Statute), *including but not limited to the following specific items*[.] (emphasis added)

6. The requested items proceed in numbered paragraphs from 1-12 then from subparagraph 12.a. thru 12.g. The requested items to be seized included:

(a) all prescription drug records (Paragraph 1);

(b) all prescription drug billing records (Paragraph 2);

(c) records between GoLiveWell and various marketing companies (Paragraph 3);

(d) records between GoLiveWell and various telemedicine companies (Paragraph 4);

(e) personnel records (Paragraph 5);

(f) communication with any governmental agency or prescription drug plan, Pharmacy Benefit Manager, or Pharmacy Services Administrative Organization (Paragraph 6);

(g) communication between GoLiveWell and any customer, customer's family member, or representative of a customer (Paragraph 7);

(h) communication between GoLiveWell and any marketing company, telemedicine company, prescribing provider, or any representative of a prescribing provider (Paragraph 8);

    (i) financial records showing GoLiveWell's receiving funds from any public health care benefit program or patient of such programs (Paragraph 9);

    (j) financial records showing GoLiveWell paying marketing companies, telemedicine companies, sales representatives, or third parties for leads or other information (Paragraph 10);

    (k) all business, financial, and operational records (Paragraph 11); and,

    (l) any records regarding the preceding issues that may be found on any computers inside the office of GoLiveWell.  (Paragraph 12.a. thru 12.g.)

  7.  Paragraph 113 of the Search Warrant Application states, "At least one computer is visible through the window of GoLiveWell.  Futher, Affiant has learned the pharmacy maintains at least four (4) terminals throughout the rooms at the pharmacy that are connected to the server."

  8.  Agent Badolato's Application for a Search Warrant was authorized and approved on September 23, 2019.

  9.  On or about September 29, 2021, Defendant was charged with one count of Health Care Fraud, pursuant to 18 U.S.C. §§ 1347 & 2, and three counts of Illegal Kickbacks for Referrals, pursuant to 42 U.S.C. §§ 1320a-7b(b)(2)(B) & 18 U.S.C. § 2.

## STATEMENT OF LEGAL AUTHORITY

  10.  The Warrant Clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV; *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014).

11. Particularity prohibits the government from conducting "general, exploratory rummaging of a person's belongings." *United States v. Saunders*, 957 F.2d 1488, 1491 (8th Cir. 1992).

12. To be satisfactorily particularized the warrant must be "sufficiently definite to enable the searching officers to identify the property authorized to be seized." *United States v. Summage*, 481 F.3d 1075, 1079 (8th Cir. 2007).

13. Particularly given the heightened interests attendant to computer technology, it is constitutionally insufficient for search warrants to list overbroad or generic categories of data typically found on such devices as items subject to seizure. *See Burns v. United States*, 235 A.3d 758, 775 (D.C. App. 2020).

14. The exclusionary rule provides that evidence obtained as a direct result of an unlawful search or seizure is considered fruit of the poisonous tree and is inadmissible at trial. *United States v. Leon*, 468 U.S. 897 (1984).

15. The exclusionary rule serves to deter negligent conduct in violation of the Fourth Amendment. *Herring v. United States*, 555 U.S. 135, 144 (2009). The deterrent effect of the exclusionary rule is weighed against its societal costs. *Illinois v. Krull*, 480 U.S. 340, 352-53 (1987).

## ARGUMENT

16. Here, the evidence seized pursuant to the execution of the search warrant authorized and approved on September 23, 2019, must be suppressed by operation of law.

17. Here, the description of the property to be searched was insufficient in that it was both insufficiently particular and overbroad.

18.	Here, the seizure of evidence was made pursuant to the insufficiently particularized and overbroad search.  Therefore, the evidence seized was fruit of the poisonous tree.

19.	Here, the exclusionary rule should apply.  Society should feel secure in its computer technology—a mechanism of storing large volumes of information—without it being susceptible to wide-ranging and exploratory governmental searches.

## CONCLUSION

WHEREFORE Defendant prays this Court grant his Motion to Suppress Evidence.

Dated: July 13, 2022					Respectfully Submitted,

						 /s/ John T. Davis
						John T. Davis, #40915MO
						1401 South Brentwood Boulevard, Suite 950
						St. Louis, MO 63144
						Phone: (314) 863-6363
						Fax: (314) 727-2869
						E-Mail: John.Davis@KesslerWilliams.com

						*Attorney for Defendant Michael J. McCormac*

## CERTIFICATE OF SERVICE

	I hereby certify on the 13th day of July, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Assistant United States Attorney.

						 /s/ John T. Davis
						John T. Davis