UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21 CR 539 RWS ) |
| MICHAEL MCCORMAC, | ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before me on defendant Michael McCormac's motion to limit or modify the United States's applications for writ of garnishment. ECF 132. The United States filed its opposition to the motion on October 11, 2024, ECF 138-1, and defendant filed his reply brief on October 15, 2024. ECF 139. After due consideration, defendant's motion is denied, and the hearing currently set for October 17, 2024, is cancelled.

On September 29, 2021, defendant was charged by Indictment with violating the Federal Anti-Kickback Statute for fraudulently submitting reimbursement claims for prescription drugs to Medicare, the Missouri Medicaid program, and the Ohio Medicaid program (collectively, the "Victims"). ECF 1. The Indictment charged that, as a result of submitting these fraudulent claims, defendant's company, GoLiveWell Pharmacy, was paid over $5,000,000.00 by the Victims.

*Id*. at ¶ 46. According to the Indictment, defendant knowingly received fraud proceeds, including approximately $1,050,000.00 of the fraudulent funds into his personal bank accounts, **which he then deposited into his investment account**. *Id*. (emphasis supplied).

On May 1, 2023, defendant pleaded guilty to two counts of illegal kickbacks for referrals in violation of 42 U.S.C. § 1320a-7b(b)(2)(B). ECF 58. According to defendant's Guilty Plea Agreement, he agreed "to provide **full restitution to all victims** of all charges in the indictment, in addition to any losses caused by other relevant conduct, in an amount equal to the loss determined by the Court at sentencing." ECF 59 at 11 (emphasis supplied). In addition, defendant agreed that "any fine or restitution imposed by the Court will be **due and payable immediately**." *Id*. (emphasis added).

According to defendant's Final Presentence Investigation Report ("PSR"), the total loss for restitution purposes was $5,645,615.53 and "[t]he defendant received a significant portion of these funds into his personal bank account." ECF 94 at ¶ 25. This total loss amount associated with defendant's conduct, along with the individual amounts owed to each victim, was stated throughout the PSR. *Id*. at ¶¶ 28, 34, 83. The PSR also stated that defendant is "supported by his wife," who is employed as a physical therapist making $7,500.00 in monthly income. *Id*. at ¶¶ 62, 66. Defendant reported that his total monthly income exceeded his total

monthly expenses by $3,772.00.  *Id*. at ¶ 66.  In addition, defendant reported over $1,200,000.00 in securities and retirement funds.  *Id*.  Finally, defendant reported that he anticipated receiving disability payments due to various health conditions outlined in the PSR that prevent his employment.  *Id*. at ¶ 53, 59.

Defendant did not object to the PSR, which I reviewed and relied upon when sentencing defendant on June 4, 2024.  On June 20, 2024, I entered an Amended Judgment sentencing defendant to a five-year term of probation.[1]  ECF 106 at 2.  I also ordered him to pay $5,645,615.53 in restitution and a special assessment of $200.00.  *Id*. at p. 5.  Defendant made no objection to the amount of restitution.  The Amended Judgment also states that "[t]he defendant **must** pay the total criminal monetary penalties … The defendant **must** make restitution (including community restitution) to the following payees in the amount listed below… Restitution of $5,645,615.53 to: [the Victims]."  *Id*. (emphasis added).  Similarly, the Special Conditions of Probation state: "You **must** make restitution in the **total amount of $5,645,615.53**, to Medicare, which suffered a loss of $4,798,121.42; Missouri Medicaid, which suffered a loss of $509,319.62, and Ohio Medicaid, which suffered a loss of $338,174.49 … **Restitution is due immediately,** but if the defendant is unable to pay the restitution in full immediately, then restitution shall be paid in monthly installments of at least $750, with payments to commence no

---

[1] The Amended Judgment was entered to correct a clerical mistake.  ECF 107.

later than 30 days of the commencement of supervision. If the judgment imposes a financial penalty, you **must** pay the financial penalty." *Id.* at 4 (emphasis added).

Defendant did not pay full restitution to the Victims in the amount of $5,645,615.53 upon sentencing or immediately thereafter, as required by the Guilty Plea Agreement and Amended Judgment. To date, defendant has only paid $2,250.00 in restitution and still owes $5,643,365.53 in restitution to the Victims.

The United States has instituted garnishment proceedings against defendant to satisfy the remaining restitution balance. On July 17, 2024, the United States filed two Applications for Writs of Garnishment directed to Commerce Bank and Consolidated Financial Investments, Inc. ECF 114-115. The Court issued the two Writs, and the United States properly served the Writs on defendant, Commerce, and Consolidated. ECF 119-120. Pursuant to the Writs, Commerce and Consolidated withheld and restricted from transfer certain property in their control belonging to defendant. On July 30, 2024, Consolidated filed its Answer of Garnishee identifying defendant's Rollover Individual Retirement Account (IRA) account in the amount of $222,530.00 as of July 29, 2024. ECF 118. On August 15, 2024 and August 30, 2024, Commerce filed its Answer of Garnishee and First Amended Answer of Garnishee, respectively, identifying two bank accounts held jointly with defendant's wife, an IRA account in the amount of $1,021,199.70 as of August 29, 2024, and a Roth IRA in the amount of $277,780.47 as of the same

4

date. ECF 121, 128. Defendant then filed two unopposed motions for extension of time to object or respond to the Answers of Garnishees filed by Commerce and Consolidated, which were granted by the Court. ECF 122, 123, 129, 130.

Defendant then filed the instant Motion to Limit or Modify the Government's Applications for Writs of Garnishment Under 28 U.S.C. § 3013 and Objections to Garnishment. ECF 132. In this motion, defendant asks the Court to prevent the United States from "extracting his life savings" in the IRAs through the Writs under § 3013 because "this proposed method of collection will cause unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to defendant and his household." ECF 132 at 12. In support of this motion, he points to his medical conditions and his disability status, arguing that permitting the United States to "wipe out the life savings of a disabled cooperator will not send a strong message of encouragement for future defendants in this District." *Id.* at 15.

Defendant also objected to the Writs to the extent they swept his two accounts held jointly with his wife and garnished the entirety of his disability payments from the Social Security Administration, which were deposited directly into one of those accounts. *Id.* at 16-19. Defendant argued that these funds constituted property exempt from garnishment. *Id.* at 19. It was for this reason that the Court set defendant's motion for hearing. However, in its opposition brief the United States represents that these objections are now moot because it "is not pursuing

5

defendant's two joint bank accounts (Private Options Acct. x34282 containing $28,540.02; and Premium Money Market Acct. x26128 containing $656.44) listed in the First Amended Answer of Garnishee filed by Commerce Bank ("Commerce") in this case. " ECF 138-1 at 1.  Moreover, the United States has affirmatively stated that it is not seeking to garnish defendant's disability benefits. *Id.* at 2.  The United States "instructed Commerce to release any and all restrictions on those two joint bank accounts related to the Writ of Garnishment in this case, and Commerce has done so." *Id.*  In his reply brief, defendant does not contest these representations.  Given that Commerce has now released the restricted money back to the two joint bank accounts (which includes his disability benefit payments), and defendant has now regained access to all money in those two joint bank accounts, his objections to the Writs with respect to alleged exempt property are denied as moot.

The only issue remaining for this Court to determine is the validity, if any, of defendant's argument that the United States should not be permitted to garnish his three solely-owned IRAs under 28 U.S.C. § 3013.  Defendant is not entitled to a hearing on this portion of the motion, which is denied as it contravenes the terms of the Amended Judgment and defendant's Guilty Plea Agreement, the garnishment of these IRAs is fully authorized by law and defendant has not raised any valid exemption respecting this property, and 28 U.S.C. § 3013 is not a valid

6

basis to amend a valid Guilty Plea Agreement and reduce a writ of garnishment.

## Discussion

Pursuant to the Mandatory Victims Restitution Act ("MVRA"), an order of restitution is "a lien in favor of the United States on all property and rights to property of the person. 18 U.S.C. § 3613(c). The lien arises on the entry of the judgment and continues for 20 years or until the liability is satisfied . . . . " *Id.* "The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id.* at §§ 3613(a) and (f). Likewise, "[a]n order of restitution may be enforced by the United States . . . by all other available and reasonable means." *Id.* at §§ 3613(f) and 3664(m)(1)(A). "[A] judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person," subject only to certain types of exempt property and limited exceptions specifically listed therein. *Id.* at §§ 3613(a) and (f). The MVRA's purpose is to collect full restitution for crime victims. *Dolan v. United States*, 560 U.S. 605, 612 (2010).

The Federal Debt Collection Procedures Act ("FDCPA") is a provision of federal law that may be utilized by the United States to enforce a restitution order in a criminal case. 28 U.S.C. § 3001–3308. 28 U.S.C. §§ 3001(a), (b); 3003(b)(2). The FDCPA includes a specific provision for garnishment. 28 U.S.C. § 3205.

7

According to § 3205(a), "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The FDCPA states "[i]f the court determines that the requirements of [§ 3205] are satisfied, the court shall issue an appropriate writ of garnishment." 28 U.S.C. § 3205(c)(1). Furthermore, "[t]he writ shall state . . . [t]hat the garnishee shall withhold and retain any property in which the debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court." 28 U.S.C. § 3205(c)(2)(F).

Pursuant to § 3202(d), a judgment debtor may move to quash a writ of garnishment and request a hearing on such a motion. 28 U.S.C. § 3202(d). In that regard, the FDCPA specifically states "[t]he issues at such hearing shall be limited" to only three determinations: (1) the validity of any claim of exemption; (2) the Government's compliance with statutory requirements; and (3) the validity of default judgments. *Id.*; *see also*, *United States v. Smith*, 2004 WL 414822 at *1 (8th Cir. Mar. 8, 2004) (issues at FDCPA hearing are limited to three statutory bases); *United States v. Pugh*, 2003 WL 22048360, at *1 (8th Cir. Sept. 3, 2003) (limiting the issue on remand to those listed in the statute and determining the

8

restitution balance). Regarding any claim of exemption, the judgment debtor bears the burden of showing an alleged exemption applies to the property at issue. *See* 28 U.S.C. §§ 3202(b) and 3014(b)(2).

In the present case, defendant has not claimed an applicable property exemption with respect to his IRAs or raised any other issues enumerated in § 3202(d).[2] There is no dispute in this case that the United States is entitled to proceed under the FDCPA or that writs of garnishment are authorized and appropriate in this case. Defendant raises no valid objection to the garnishment of his IRA accounts. With respect to the restitution ordered in this case, the Amended Judgment operates as a lien in favor of the United States against all of defendant's non-exempt property, and this lien can be enforced by the United States through the pending writs of garnishment. Because defendant's IRAs do not fall within any of the categories of exempt property identified in 18 U.S.C. § 3613(a)(1),[3] they are not exempt from the United States' lien or the pending writs of garnishment. *See United States v. Vieth*, Case No. 4:19CR981 RLW, ECF 109 at 8 (E.D. Mo. June

---

[2] In his reply brief, defendant concedes that he " is not challenging the government's authority to garnish an IRA under the MVRA. Nor is Mr. McCormac asserting that an IRA is exempt property under the CCPA subject to a 25% cap." ECF 139 at 4.

[3] The types of exempt property include: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1).

26, 2023) (IRAs do not fall within any of the categories of exempt property and are therefore subject to garnishment). The writs of garnishment are therefore lawful, and the garnishees must withhold and retain the IRAs until further order of the Court. As mentioned above, once the Court determines that the procedural requirements have been met under § 3205, there is no discretion as to whether a writ of garnishment should be issued.

None of the arguments raised by defendant with respect to the garnishment of his IRAs – including his financial circumstances, his health conditions, his status as a cooperator, or the provisions of 28 U.S.C. § 3013 – are listed as issues that can be raised as defenses under § 3202(d). "Claims of financial hardship may not be considered in the context of determining whether to issue a writ of garnishment." *United States v. Jankowski*, Case No. 4:03C681 SEP, ECF 89 at 4 (E.D. Mo. Apr. 12, 2024) (citing *United States v. Roberts*, 2017 WL 2928161, at *1 (W.D. Mo. Jun. 14, 2017) (holding that a defendant's claims of financial hardship are not within the court's purview when considering an application for writ of garnishment)); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) ("consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing."); *United States v. Burke*, 2015 WL 4663315, at *2 (D. Minn. Aug. 4, 2015) ("hardship is not a defense to garnishment"); *United States v. Hubbard*, 2010 WL 2169073, at

\*3 (N.D. Iowa May 28, 2010), report and recommendation adopted, 2010 WL 2540106, at \*1 (N.D. Iowa June 21, 2010).

Moreover, as explained above I fully considered defendant's health issues when sentencing him just six months ago. **Although not a determining factor, when fashioning defendant's sentence and deciding to give him probation as opposed to prison time, I also specifically considered the fact that he agreed to immediately and fully repay the Victims in this case**. Despite these agreements, his purported acceptance of responsibility for his conduct, and the enormous financial loss incurred by the Victims, defendant is now asking me to ignore his promises to the Court and flout the United States's legal right to collect the restitution currently due and owing simply because it will "wipe out" his retirement accounts. For the reasons set forth below, the Court rejects defendant's attempts to make an end-run around his voluntarily negotiated plea agreement and Court-ordered restitution by invoking 28 U.S.C. § 3013 in this manner.

"[A]n order of restitution is a final judgment" that can only be corrected, appealed, amended, or adjusted under limited circumstances not at issue in the present case. 18 U.S.C. § 3664(o); *see also United States v. Evans*, 48 F.4th 888, 894 (8th Cir. 2022) (expressing "serious doubt" about the district court's ability to modify a final restitution order outside of prescribed statutory exceptions). To the extent defendant's motion is construed as an attempt to reduce the amount of total

11

restitution owed in this case, it is denied as the Court does not possess the authority – or the inclination – to do so in this case.

Defendant's reliance on 28 U.S.C. § 3013 as a basis to modify the writs to some lesser amount that he believes appropriate is without support in this Circuit. Section 3013 provides that "[t]he court **may** at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013 (emphasis added).  "However, Section 3013 is not listed as an exception in the MVRA, which clearly states that '[n]otwithstanding any other Federal law,' restitution can be enforced against "all property" of the debtor subject only to certain limited exceptions specifically listed therein.  18 U.S.C. § 3613.  Defendant did not provide, nor is the Court aware, of any cases in this district or in the Eight Circuit that utilized Section 3013 as a basis to reduce a Writ of Garnishment percentage." *United States v. Kramer*, Case No. 4:20CR624 HEA, ECF 70 at 7 (E.D. Mo. Apr. 26, 2023).  Like Judge Autrey in *Kramer*, I likewise conclude that the Court "has no authority to quash the writs of garnishment" given that defendant has not "claimed an applicable property exemption or raised issues of statutory compliance regarding the procedure form, or service of the writs of garnishment, and there is no default judgment at issue." *Id.* at 8.

12

For these reasons, defendant's motion will be denied.

Finally, given that defendant does not claim any exemptions to the garnishment of his IRAs and he is not objecting to the Answers of Garnishee filed by Consolidated or Commerce, he is not entitled to a hearing and the Court will accordingly exercise its discretion to vacate the hearing currently set for October 17, 2024.  *See United States v. Skudrzyk*, Case No. 4:18CR745 RWS, ECF 93 at 7 (E.D. Mo. Feb. 24, 2023) (denying the defendant's request for a hearing under 3205(c)(5) because the defendant did not raise any objections to the Answers of Garnishees and permitting the full liquidation of the defendant's retirement accounts).

However, the Court urges the parties to continue their settlement talks with respect to the United States's proposal that the garnishees withhold 20% of the liquidated IRA funds for defendant's federal taxes.  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to quash [132] is denied as set forth above.

**IT IS FURTHER ORDERED** that the **hearing set for October 17, 2024 is cancelled.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2024.

13