UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CR 539 RWS |
| ) | |
| MICHAEL MCCORMAC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before me on defendant Michael McCormac's motion to vacate restitution and final order of forfeiture and stay orders of garnishment. ECF 148. The United States filed its opposition to the motion on October 30, 2024, ECF 151, and defendant filed his reply brief on November 1, 2024. ECF 154. After due consideration, defendant's motion to vacate is denied.

The Court recently denied defendant's motion to quash garnishments on October 16, 2024. ECF 140. That Memorandum and Order sets out defendant's criminal conduct, his guilty plea, and the sentence imposed, so the Court will not restate these facts again. As relevant here, however, the Court notes that defendant did not file any objections to the Final Presentence Investigation Report prepared in this case and did not object to the amount of restitution ordered at sentencing. Defendant did not appeal his amended judgment of conviction or sentence imposed

on June 20, 2024, ECF 106, or the final order of forfeiture entered on August 22, 2024. ECF 125.

Defendant now argues – for the first time in this case – that the Court lacked legal authority to order restitution and therefore the restitution order must be vacated.[1] ECF 148 at p. 4. This argument should have been raised as a challenge to his sentence on direct appeal. It was not. By failing to file a direct appeal, defendant waived his opportunity – through this motion or otherwise – to challenge the restitution component of his sentence as imposed. *See United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (defendant cannot collaterally attack restitution in a § 2255 motion); *United States v. Thompson*, 1 Fed. App'x 565, at *1 (8th Cir. 2001) (defendant who failed to challenge restitution imposed on direct appeal cannot collaterally attack restitution through writ of error coram nobis); *Cani v. United States,* 331 F.3d 1210, 1214 (11th Cir. 2003) ("although a restitution calculation may be contested for the first time on direct appeal, which will give rise to plain error review, we can find no case (and have been cited to none) in which a defendant has been permitted to advance such a challenge for the first time in a collateral proceeding"); *United States v. Surber,* 94 F. App'x 355, 356 (7th Cir. 2004) (challenge to original restitution order could have been raised

---

[1] Defendant does not bring this motion under 18 U.S.C. § 3664 or argue that a material change in his economic circumstances affects his ability to pay restitution.

2

on direct appeal, but "district court was without jurisdiction to consider it four years later in a petition seeking a modification of the payment schedule"); *United States v. Day*, Case No. 4:06CR767 CAS, 2009 WL 2948462, at *2 (E.D. Mo. Sept. 14, 2009) (same); *United States v. Williams*, 2007 WL 1424663, at *1 (D. Minn. May 10, 2007) (same).

As for defendant's request to stay, he has now made clear in his reply brief that he is requesting the Court stay garnishment proceedings pending the appeal of the Court's denial of his motion to quash (and presumably an appeal of the instant Memorandum and Order as well). ECF 154 at 7. Because the notice of appeal had not been filed when the United States filed its opposition to the present motion, it did not have the opportunity to address the request to stay pending appeal. Accordingly, that portion of the defendant's motion remains pending, and the United States shall file its response to the request for a stay pending appeal on or before noon on Tuesday, November 5, 2024. Prior to that deadline, the parties shall discuss this issue in an attempt to reach agreement with respect to a stay of garnishment proceedings pending appeal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to vacate [148-1] is denied.

**IT IS FURTHER ORDERED** that the United States shall file its response

to defendant's request to stay garnishment proceedings pending appeal [148-2] **on or before November 5, 2024**.  If the parties do not reach agreement on this issue, defendant may file any reply brief in support of stay **on or before 5:00 p.m. on November 5, 2024.**

 

                                           _____
                                           RODNEY W. SIPPEL
                                           UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2024.